IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL WILLIAM BELLER,** | : | |
| Plaintiff | : | |
| | : | No. 1:22-cv-00926 |
| v. | : | |
| | : | (Judge Kane) |
| **PRIME CARE, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Pro se Plaintiff Michael William Beller ("Plaintiff"), who is presently incarcerated at Monroe County Correctional Facility in Stroudsburg, Pennsylvania ("MCCF"), has commenced the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants have violated his constitutional rights prior to, and while, being incarcerated there. In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will partially dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

I.   BACKGROUND

On June 10, 2022, Plaintiff, who appears to be a pre-trial detainee, filed his complaint against Defendant Michael Chica ("Chica"), a police officer employed by the Stroudsburg Area Regional Police Department, and Defendant Prime Care, which appears to be the corporate health care provider at MCCF. (Doc. No. 1 at 1, 2.) Following some initial administrative matters (Doc. Nos. 3, 5, 7, 8), Plaintiff filed his certified motion for leave to proceed in forma

---

[1]  See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

pauperis and his prisoner trust fund account statement.  (Doc. Nos. 6, 9.)  The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In the complaint, Plaintiff asserts only one factual allegation against each Defendant.  (Doc. No. 1 at 2.)  Regarding Defendant Chica, Plaintiff alleges that, on April 6, 2022, Defendant Chica "threw" him to the ground, rupturing his hernia.  (Id.)  Regarding Defendant Prime Care, Plaintiff alleges that, once he was "booked" at MCCF, he "told medical about [his] pain" but "they did nothing."  (Id.)  In connection with these allegations, Plaintiff claims that he has been at MCCF for sixty-one (61) days in "serious pain[.]"  (Id. at 3.)  As for relief, he seeks punitive damages and for his medical bills to be paid.  (Id.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any

reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle, 429 U.S. at 106. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights prior to, and while, incarcerated at MCCF.[2] (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive

---

[2] Plaintiff has indicated on his form complaint that he is proceeding under 28 U.S.C. § 1331. Plaintiff, however, is currently incarcerated at a county correctional facility. Thus, he appears to be a pre-trial detainee asserting violations of his constitutional rights under 42 U.S.C. § 1983.

rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

### A. Defendant Chica

As set forth above, Plaintiff alleges that, on April 6, 2022, Defendant Chica, a police officer of the Stroudsburg Area Regional Police Department, "threw" Plaintiff to the ground, rupturing his hernia. (Doc. No. 1 at 2.) Because the complaint suggests that Plaintiff was subsequently "booked" at MCCF (id.), the Court construes Plaintiff's excessive force claim as being raised in the context of an arrest and not as being raised in the context of pre-trial detainment.[3] In this regard, "[t]he Supreme Court has held that all claims of excessive force by police officers, in the context of an arrest, investigatory stop, or other 'seizure,' should be analyzed under the Fourth Amendment." Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Accordingly, the Court will construe Plaintiff's claim against Defendant Chica as one brought under the Fourth Amendment.

"'To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that it was unreasonable under the circumstances.'" See Jefferson v. Lias, 21 F.4th 74, 78 (3d Cir. 2021) (quoting El v. City of Pittsburgh, 975 F.3d 327, 336 (3d Cir. 2020)). "A seizure occurs '[w]henever an officer restrains the freedom of a person to walk away.'" El v. City of Pittsburgh, 975 F.3d 327, 336 (3d Cir. 2020) (quoting Rivas, 365 F.3d at 198)). And whether the force used in a particular instance "is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment

---

[3] If Plaintiff were a pre-trial detainee at the time of the alleged use of force, then the Due Process Clause of the Fourteenth Amendment would govern his excessive force claim against Defendant Chica. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (stating that "the Due Process Clause protects a [Section 1983] pretrial detainee from the use of excessive force that amounts to punishment" (quoting Graham v. Conner, 490 U.S. 386, 395 n.10 (1989))).

4

interests against the countervailing governmental interests at stake.'" See Jefferson, 21 F.4th at 78 (quoting Graham, 490 U.S. at 396)). This inquiry is an "objective one" and, thus, courts must consider "'whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" See id. at 78-79 (quoting Graham, 490 U.S. at 397) (some internal quotation marks omitted); El, 975 F.3d at 336 (identifying additional factors to aid in the determination of reasonableness, including "'the severity of the crime at issue, whether the suspect[s] pose[ ] an immediate threat to the safety of the officers or others, and whether [they are] actively resisting arrest or attempting to evade arrest by flight'" ((quoting Graham, 490 U.S. at 396)).

Here, in accepting the factual allegations in the complaint as true, and in construing those allegations and all reasonable inferences from those allegations in the light most favorable to Plaintiff, the Court finds that the complaint has set forth a plausible Fourth Amendment excessive force claim against Defendant Chica. As a result, the Court will permit Plaintiff to proceed on this claim.

      **B.     Defendant Prime Care**

In addition, Plaintiff alleges that, once he was "booked" at MCCF, he "told medical about [his] pain" but "they did nothing." (Doc. No. 1 at 2.) In connection with this allegation, Plaintiff has sued Defendant Prime Care, which appears to be the corporate health care provider at MCCF. The United States Court of Appeals for the Third Circuit has explained that a private company, which is providing health services at a correctional facility, "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)). Rather, in order for

such a company to be held responsible, the plaintiff must show that there was a relevant company policy or custom and that such policy or custom resulted in the asserted constitutional violations.  See id. at 583-84 (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

Thus, the question before the Court is whether Plaintiff has plausibly alleged that Defendant Prime Care had a policy or custom that resulted in a violation of his constitutional rights.  The Court answers this in the negative because the complaint has not alleged the existence of a policy or custom.  Accordingly, the Court will dismiss Plaintiff's claim against Defendant Prime Care.  See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue."); Alexander v. Monroe Cnty., 734 F. App'x 801, 805 (3d Cir. 2018) (explaining that, in order for the administratrix of decedent-prisoner's estate to have established her claim against Prime Care, the corporation providing medical services at MCCF, the administratrix would have had to have shown "'a policy or custom that resulted in the alleged constitutional violations'" (quoting Palakovic, 854 F.3d at 232) (emphasis omitted)).

C.    **Leave to Amend**

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the

purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that affording Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies of his claim against Defendant Prime Care. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.  CONCLUSION

Accordingly, for all of the foregoing reasons, the Court will partially dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.