IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL WILLIAM BELLER,** :
    **Plaintiff** :
  : No. 1:22-cv-00926
    **v.** :
  : (Judge Kane)
**PRIME CARE, et al.,** :
    **Defendants** :

## ORDER

**AND NOW**, on this 31st day of August 2022, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff's certified motion for leave to proceed in forma pauperis (Doc. No. 6) is **GRANTED**, and Plaintiff's uncertified motion for leave to proceed in forma pauperis (Doc. No. 4) is **DENIED** as moot;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

   a. The average monthly deposits in the inmate's prison account for the past six months, or

   b. The average monthly balance in the inmate's prison account for the past six months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5. The complaint (Doc. No. 1) is **DEEMED FILED**;

6. The complaint (Doc. No. 1) is partially **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may proceed on his Fourth Amendment excessive force claim against Defendant Michael Chica ("Chica"). Plaintiff's claim against Defendant Prime Care, however, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted;

7. Plaintiff is **GRANTED** leave to file an amended complaint;

8. Plaintiff, should he elect to do so, shall file his amended complaint within **thirty (30) days** of the date of this Order. The amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim. Importantly, because an amended complaint supersedes the original complaint, Plaintiff must re-plead every cause of action in the amended complaint. Thus, Plaintiff must plead both his claim against Defendant Chica and his claim against Defendant Prime Care in the amended complaint;

9. The Clerk of Court is directed to mail Plaintiff a civil rights complaint form. Plaintiff shall title that complaint form "Amended Complaint" and shall include the docket number for this case, 1:22-cv-00926; and

10. The Court will defer service of the original complaint for **thirty (30) days**. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within the thirty (30) days, the Court will direct service of the original complaint upon Defendant Chica.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
